## CIRCUIT COURT OF THE CITY OF NORFOLK

Aetna Casualty and Surety Co.

v.

Norma Waltman

v.

Elbert L. Sanders

v.

Travelers Indemnity Co.

November 8, 1985

Case No. (Chancery) C-85-343

By JUDGE JOHN E. CLARKSON

This matter comes before the court on plaintiff's bill of complaint and motion for declaratory judgment. The file also contains a demurrer (overruled by Judge Guerry on June 5, 1985), an answer, cross-bill, answer to cross-bill, cross-bill and motion for declaratory judgment filed by Waltman and The Travelers Indemnity Company; their motion for summary judgment, motion to strike plaintiff's motion for summary judgment; grounds of defense to cross-bill and motion for declaratory judgment. This letter opinion will effect only Aetna Casualty and Surety Company and Norma Waltman.

This action brought pursuant to Virginia Code Section 8.01-184 may proceed on either the law or chancery side of the court. Therefore, I find all necessary parties present to decide whether or not summary judgment must be granted to plaintiff. I further find that a resolution of the coverage issue need not be postponed to await a final decision in *Waltman v. Sanders*, At Law No. L-85-9.

From the request for admissions and answer thereto, I find the following facts.

On November 9, 1984, Mrs. Waltman pulled (her vehicle) into traffic and apparently came too close to Mr. Sanders who passed her and then brought his car to a stop forcing Mrs. Waltman to stop. Sanders then got out of his car (his engine was still running) and walked over to Mrs. Waltman (who had her lights on and her engine running). Mrs. Waltman rolled down her window, believing they were going to talk, but, without a word, Sanders negligently and/or unintentionally hit he with his fist on her nose breaking it.

Waltman had a standard Aetna family automobile policy covering uninsured bodily injury, "caused by accident and arising out of the ownership, maintenance or use of such uninsured motor vehicle."

I find no causal connection or relationship between the injury and the ownership, maintenance or use of a vehicle. See *State Farm v. Powell*, 227 Va. 492 (1984). See also *Foss v. Cignarella*, 482 A.2d 954 (1984), and *Sciascia v. American Insurance Co.*, 443 A.2d 1118 (1982). The mere fact that Mrs. Waltman was injured while sitting in her stopped but still running automobile after an alleged "traffic incident" does not change an assault and battery to an automobile accident. The injury was caused by the independent decision of Elbert L. Sanders to hit Mrs. Waltman with his hand through the opened side window of her running automobile. The motor vehicles had nothing to do with the assault. There is no causal relationship between the assault and battery and the vehicles. I will sustain the motion for summary judgment.